WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AJF Inspections Incorporated,<br><br>  Plaintiff,<br><br>v.<br><br>IOC Franchising LLC, et al.,<br><br>  Defendants. | No. CV-22-01922-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant IOC Franchising's ("IOC") Motion to Set Aside Entry of Default Pursuant to Rule 55. (Doc. 14). Plaintiff AJF Inspections ("AJF") has filed a response, (Doc. 16), and IOC has replied, (Doc. 17). The Court now rules on this motion.

**I.   BACKGROUND**

Plaintiff AJF Inspections brought a complaint against Defendant IOC and related entities on November 10, 2022, claiming that IOC made false and misleading statements in violation of the Lanham Act. (*See* Doc. 6 at 7); 15 U.S.C. § 1125. Specifically, AJF claims that Defendants, in a series of advertisements, made eight claims regarding IOC and its business practices that were false. (*See id.*). On December 2, IOC was served with the complaint and summons. (Docs. 8, 9, 10). Prior to December 12, the date by which Defendants were required to file a response, Defendant Kloc, the owner of IOC, sent an email to Plaintiff's counsel asking that the complaint be voluntarily dismissed and stating that he would defend himself in litigation if necessary. (Doc. 14 at 1). No formal answer

or other motion was filed with the Court, however.

Plaintiff did not respond to the email and instead waited until December 13 and filed an application for entry of default judgment. (Doc. 11). Only after the application was filed did Plaintiff respond to Defendant Kloc's email. (Doc. 14 at 2). That same day the clerk entered default against Defendants. (Doc. 12). Shortly thereafter, Defendants hired Counsel. (Doc. 15). Defendants now move to set aside the entry of default judgement. (Doc. 14).

## II.  LEGAL STANDARD

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The Court considers three factors to determine if good cause exists to set aside an entry of default: (1) whether the movant engaged in "culpable" conduct; (2) whether a meritorious defense exists; and (3) whether setting aside the default judgment would prejudice the other party.[1] *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "The party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). It should be noted that this standard is disjunctive in that "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Mesle*, 615 F.3d at 1091. Yet, "default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible*." New Gen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). Generally, only extreme circumstances warrant the entry of default judgments. *See Mesle*, 615 F.3d at 1091–92. Furthermore, the rules governing the setting aside of default "are solicitous toward movants, especially those whose actions leading to default were taken without the benefit

---

[1] Plaintiff calls these three inquiries the "*Falk* factors," citing to *Falk v. Allen*. *See Falk v. Allen*, 739 F.2d 416, 463 (9th Cir. 1984). *Falk* concerns a motion under Rule 60(b), however. *See id.* at 462; Fed. R. Civ. P. 60(b). As this case concerns Rule 55(c), this Court will cite to *Mesle* for this three-factor analysis. *See Mesle*, 615 F.3d at 1091.

of legal representation." *Mesle*, 615 F.3d at 1089.[2]

## III. ANALYSIS

The standard under Rule 55 for setting aside an entry of default is "good cause." *See* Fed. R. Civ. P. 55(c). Because there is good cause to set aside the default, and because there are no extreme circumstances surrounding Defendants' failure to respond that warrant a default judgement, this Court will set aside the entry of default. Here, Defendants did not engage in any culpable conduct that would warrant default. Further, Defendants have alleged enough facts that, taken on their face, could provide a meritorious defense. And finally, setting aside this default would not greatly prejudice Plaintiff. Therefore, setting aside default in this case is warranted.

### a. Culpable Conduct

In assessing culpability, courts must look to whether the failure to answer was done in bad faith. *Mesle*, 615 F.3d at 1092. If a defendant "has received actual or constructive notice of the filing and *intentionally* failed to answer[,]" his conduct is culpable. *Id.* (emphasis in original). This means that the defendant purposefully did not answer in order to "take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id.* (internal quotations omitted). Mere failure to respond, by itself, however, is not enough.

Defendants argue that there was no willfulness in their failure to appear. (*See* Doc. 14 at 5). They claim that they timely sent an email to opposing counsel discussing the case, and assumed that they would receive a response before the time to file arrived. (*See id.*). Furthermore, in the email, Defendants expressed their intent to defend in litigation if necessary. (*See id.*). After Plaintiff failed to respond, Defendants again emailed Plaintiff, on December 12, asking for an acknowledgement of the previous email. (*See id.*). Pointing to language from Rule 60(b), which governs the opening of final judgments, Defendants assert that the failure to appear was the result of "excusable neglect." (*Id.* at 6). Because of the actions they took to respond via email and attempt to resolve the case, they claim that

---

[2] At all times leading up to the entry of default judgement, none of the Defendants were represented by counsel. They are currently represented, however.

they were acting entirely reasonably in failing to respond. (See *id.*).

Plaintiff claims that the usual "bad faith" standard should not apply because the Defendants are sophisticated parties. (*See* Doc. 16 at 9). When dealing with a sophisticated individual or entity, the failure to answer is assumed to be intentional. *Mesle*, 615 F.3d at 1093. Courts assume that such defendants have "an understanding of the consequences" of their actions and thus that their failure to respond was purposeful. *See id.* Plaintiff asserts that Defendant Kloc is sophisticated because he owns and operates multiple businesses throughout the country. (Doc. 16 at 9). Furthermore, Plaintiff claims that Kloc has been involved in numerous lawsuits, and that he is therefore familiar with the legal process. In addition, Plaintiff points to the email, which included "legal citations" and "acknowledged the December 12th deadline," to assert that Kloc had a "clear understanding of the legal process and the requirement to file an answer." (*Id.*). In the alternative, Plaintiff argues that even if Defendants are not deemed sophisticated, they offer no credible explanation for failing to respond, and thus that their conduct was culpable.

This Court finds that Defendants' conduct was not culpable. First, Defendants are not sophisticated entities for purposes of default analysis. The standard articulated in *Melse* is not mere sophistication, but legal sophistication. As that court noted, intentionality is never assumed "except when the moving party is a *legally* sophisticated entity or individual." *Mesle*, 615 F.3d at 1093 (emphasis added). Here, Defendant Kloc is not a lawyer, and importantly, was not represented by counsel at the time of default. He thus did not have the legal training or experience that would make him "legally sophisticated" for purposes of default analysis. The *Mesle* court noted the importance of these factors in making a sophistication determination. *See id.* (noting that it was "sufficient to observe that Mesle is not a lawyer and that he was unrepresented at the time of default ...."). Simply because Kloc owns a number of businesses and has been involved in legal proceedings at some time in the past does not make him legally sophisticated. Therefore, his conduct can only be deemed culpable if he acted in bad faith.

Second, there is no showing of any bad faith in Defendants' failure to respond. As

noted above, Defendant Kloc quickly responded to the lawsuit by sending an email attempting to avoid litigation. He also noted his intent to defend himself should the lawsuit proceed. Furthermore, this Court finds that it was reasonable for Kloc, who was unrepresented at the time, to believe that he would receive a response before the filing deadline. After the entry of default, he quickly hired an attorney and filed a motion to set aside the default. Ultimately, then there is no evidence of intentionality or bad faith on the part of Defendants in failing to appear. In addition, none of these circumstances are extreme. Consequently, Defendants' conduct is not culpable.

### b. Meritorious Defense

In order to show that a meritorious defense exists, Defendants must "present specific facts that would constitute a defense." *Id.* at 1094. In this analysis, it is not the role of the Court to assess the veracity of the facts alleged. *Id.* It merely must find that the facts presented, if true, constitute the basis for a meritorious defense. *Id.* Ultimately, the burden on defendants here "is not extraordinarily heavy." *Id.* Because Defendants have presented facts which, if true, show that their claims were not false or misleading, they do have a meritorious defense.

Defendants assert that there are significant differences between the services they offer and the services offered by AJF. (*See* Doc. 14 at 5). Specifically, Defendants claim that they offer supplemental and additional coverage in areas that Plaintiff does not. (*See id.*). Thus, they maintain, their claims about the services offered by Plaintiff are neither false nor misleading. Defendants' assert that their claims are based on information that Plaintiff makes publicly available via its website and other means. (*See id.*). Furthermore, Defendants claim that they were making comparisons between their companies and Plaintiff's company based on standard definitions of the terms "snapshot" and "summary," claiming that AJF does not offer a snapshot while Defendants' companies do. (*See id.*); Doc 16-2 at 4. In addition, Defendants point to the initial email correspondence with Plaintiff in which Defendant Kloc pointed to a number of facts that he claims constitute a basis for a meritorious defense. (*See id.* at 4). Specifically, the email states, among other

things, that IOC offers additional insurance coverage which AJF does not, that AJF does not provide recall checks, that AJF does not provide a one-year warranty like Defendants do, and that AJF does not include videos in its inspection reports. (*See* Doc. 16-2 at 3–4). This, Defendants argue, shows that the advertisements that were sent out comparing their services with Plaintiff's were neither false nor misleading. (*See* Doc. 14 at 5). Defendants also claim that Plaintiff cannot establish damages. (*See id.*).

Plaintiff counters that these are merely "conclusory positions" that lack "affirmative facts" to support them. (*See* Doc. 16 at 11). It argues that all that Defendants have shown is that Plaintiff's website does not list all of the services AJF provides. (*See id.*). It states that it will prove, through witness testimony, that it does provide all of the services that Defendants claim it does not. (*See id.* at 12). Plaintiff maintains that no meritorious defense can be based on the assertion that it did not advertise all available services on its publicly available website. (*See id.*). Furthermore, it states that "[i]njury is presumed in Lanham Act cases involving false comparative advertising." (*See id.* at 13). Thus, the claim that AJF cannot establish damages, it maintains, is without merit.

Defendants have alleged enough specific facts to establish a meritorious defense. They have pointed to specific services which they claim are not provided by AJF, but that are provided by IOC. Thus, they argue, their advertisements were factually based. They assert that publicly available information about AJF shows that it does not provide certain insurance coverage, snapshots or video in its inspection reports, and recall checks, among other things. These move beyond conclusory statements. They are facts which, for purposes of analyzing whether a meritorious defense exists, the Court must take as true. It may very well be that Plaintiffs will present witness testimony that disproves these facts, but that only serves to counter Defendants' defense. It does not negate that defense completely. This Court does consider Defendants' claim that Plaintiff cannot establish damages to be a conclusory statement. Yet one conclusory statement does not negate the fact that another meritorious defense has been established by Defendants. Consequently, Defendants have met this prong of the test.

### c. Prejudice to Plaintiff

Finally, this Court finds that Plaintiff will not be prejudiced by the setting aside of the entry of default here. To determine whether prejudice will result from setting aside default, the court must look to whether Plaintiff's ability to "pursue his claim will be hindered." *Falk*, 739 F.2d at 463. Further, the "setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095. Thus, a mere delay in reaching a final judgment is not enough. Plaintiff must show that further harm will result if the default is set aside. Here, no such harm has been alleged that cannot be easily corrected by a court order.

Plaintiff asserts that setting aside the default will cut against the goal of expeditious relief. (*See* Doc. 16 at 14). AJF states that it acted expeditiously in sending its initial cease-and-desist letter, and in advancing its claims. (*See id.*). Further, it claims that it did this because of its desire to see Defendants stop their false advertising. (*See id.*). Consequently, if the default is set aside, Plaintiff argues, it would "provide further opportunity for Defendants to attack AJF's goodwill and reputation." (*See id.*). As evidence of this they cite Kloc's email in which he "threatened to ramp up his attacks on AJF if the lawsuit was not dismissed." (*See id.*).

Defendants counter that throughout the course of this lawsuit, they have acted expeditiously and will continue to do so. (*See* Doc. 14 at 4). They note that they immediately responded to the lawsuit by emailing Plaintiff's counsel and immediately hired counsel after the notice of default. (*See id.*). Shortly thereafter, Defendants' counsel contacted Plaintiff's counsel to discuss the default and find a solution. (*See id.*). This, among other things, Defendants claim, shows that Plaintiff will be "subjected to no greater delay than would ordinarily be expected" in any litigation. (*See id.*). Thus, they maintain, setting aside this default will not prejudice Plaintiff. (*See id.*).

It seems clear that the delay in reaching final judgement that will result from setting aside default here is no greater than the delay that would be present had Defendants timely appeared and responded to the initial complaint. This type of delay is not enough to

prejudice Plaintiff to such an extent that default would be warranted. Additionally, given that Defendant Kloc indicated in his email, sent before the default date, his intent to vigorously litigate should the need arise, it is difficult to see how Plaintiff is truly prejudiced. Despite knowing this, Plaintiff tactically decided not to respond to Defendants and chose to wait and seek default instead. That Plaintiff is not getting an early victory because of that is not prejudice. There may be some prejudice that would result from the fact that Defendants would be able to continue to make allegedly false statements about AJF and its business practices. Yet, as AJF stated it would have done had there been no default, (*See* Doc. 16 at 14), it is free to seek a preliminary injunction blocking Defendants from further attacking it with misleading advertising. Thus, the prejudice resulting from setting aside default is not that great. And any prejudice of this type that results can easily and quickly be prevented by this Court. Consequently, this Court finds that no prejudice will result from setting aside the entry of default.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that IOC's Motion to Set Aside Entry of Default Pursuant to Rule 55, (Doc. 14), is **GRANTED**. The default entered at Doc. 12 as to Defendants IOC Franchising LLC, Curt1 LLC, and Curtis Kloc is set aside.

**IT IS FURTHER ORDERED** that Defendant IOC, Curt1 LLC, and Curtis Kloc shall answer or other response to the complaint within fourteen days from the date of this order.

**IT IS FURTHER ORDERED** denying Defendants' request for fees and costs because the Court does not find any such award to be justified in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery, (Doc. 13), is **DENIED** as moot.

Dated this 18th day of May, 2023.

James A. Teilborg
Senior United States District Judge