**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AJF Inspections Incorporated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>IOC Franchising LLC, et al.,<br><br>　　　　　　　Defendants. | No. CV-22-01922-PHX-JAT<br><br>**ORDER** |

Pending before the Court are two motions: Defendants IOC Franchising LLC, Curt1 LLC, Curtis Kloc, and Does 1–10's (collectively, "Defendants") Motion for Alternative Dispute Resolution ("Defendants' Motion"), (Doc. 29), and Plaintiff AJF Inspections Incorporated's ("Plaintiff") Motion to Compel Under Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv) ("Plaintiffs' Motion"), (Doc. 30). Plaintiff has filed a response opposing Defendants' Motion, (Doc. 33), and Defendants have filed a response and supplemental response opposing Plaintiff's Motion, (Doc. 31; Doc. 34). Plaintiff has filed a reply to Defendants' response. (Doc. 35). The Court now rules on both motions.

**I.   BACKGROUND**

　　**A. Factual Overview**

Plaintiff and Defendants are each in the home, commercial, and sewer line inspection industry. (Doc. 6 at 1; Doc. 19 at 2). Plaintiff filed this action under the Lanham Act, 15 U.S.C. § 1125, against Defendants for allegedly publishing eight false statements about Plaintiff in a chart comparing Plaintiff's and Defendants' services in an email

Defendants sent to "real-estate agents, real-estate brokers, and similarly situated individuals" and published on their website. (Doc. 6 at 3, 8). Specifically, Plaintiff alleges that the following statements by Defendants were false:

> [T]hat AJF: (1) carries less than $10,000 in Realtor Liability; (2) does not offer "realtor marketing"; (3) does not offer "snapshot section to eliminate liability & pre-existing"; (4) does not perform recall safety reports; (5) fails to offer an inspection guarantee; (6) does not offer color coding prioritization; (7) does not feature videos in reports; and (8) "offer[s] NO engineering services."

(*Id.* at 6).

### B. Procedural History

On October 13, 2023, Defendants filed their Motion seeking alternative dispute resolution ("ADR") because they believe (1) that the advertisement was not false or misleading, and (2) that the damages in available in the case, if any, are de minimis and "do not justify this costly litigation." (Doc. 29 at 1). Plaintiff opposes this motion, primarily on the ground that this Court previously found ADR premature because the parties needed discovery to evaluate their respective positions in the case, and circumstances are substantially similar now such that ADR is still premature. (*See generally* Doc. 33).

Also on October 13, 2023, Plaintiff filed its Motion to compel Defendants to comply with various discovery requests consisting of interrogatories and requests for production. Defendants filed a response on October 16, 2023 (Doc. 31); this Court ordered Defendants to supplement their response, which they did on October 26, 2023. (Doc. 34).

### II.   DEFENDANTS' MOTION FOR ADR

The Court first addresses Defendants' Motion for ADR. This Court rarely orders ADR where the parties do not agree that ADR is appropriate. In its discretion, the Court will not compel the parties to participate in ADR over Plaintiff's objection at this time. Should the parties later come to a consensus regarding ADR, they are welcome to refile a motion to that effect.[1]

---

[1] The Court is not convinced that Defendants seek ADR for the traditional purpose of ADR—that is, that Defendants intend to engage in good faith mediation. Upon review of

## III. PLAINTIFF'S MOTION TO COMPEL

### A. Legal Standard

The Federal Rules permit a party to file a motion to compel a "answer, designation, production, or inspection" in one, some, or all of the following relevant circumstances: (1) when "a party fails to answer an interrogatory submitted under Rule 33," and (2) when "a party fails to produce documents . . . under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).

> "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, No. 07-cv-00200, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). "Those opposing discovery are 'required to carry a heavy burden of showing' why discovery should be denied." *Gottesman v. Santana*, No. 16-cv-02902, 2017 WL 5889765, at *3 (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

*Washington v. Freedom of Expression LLC*, No. CV-21-01318-PHX-MTL, 2022 WL 1081200, at *1 (D. Ariz. Apr. 11, 2022). Rule 26(b)(1) states that the scope of discovery includes any non-privileged matter that is relevant to some claim or defense in the case, and that is proportional to the needs of the case, considering various factors. *See* Fed. R. Civ. P. 26(b)(1).

### B. Discussion

#### i. Requests for Production Under Rule 34

Plaintiff argues that because Defendants have failed to properly respond to Plaintiff's requests for production ("RFPs") in a timely manner, Defendants have forfeited objections to the requests. (Doc. 30 at 2). In the alternative, Plaintiff argues that Defendants' productions were "incomplete or incompetent" because the files produced "include unintelligible printouts of emails, excerpted pages from larger documents,

---

Defendants' Motion, the Court finds that Defendants instead attempt to compel ADR to gain a forum in which to demand that Plaintiff dismiss its case.

manipulated documents, and client-created summaries of documents instead of the actual files." (*Id.*).

As to forfeiture of objections, Defendants argue that "the Court's authority in this discovery dispute is essentially plenary," so "the Court is authorized to rule as it sees fit after considering all factors which it considers determinative." (Doc. 34 at 4). As to the adequacy of Defendants' responses to Plaintiff's RFPs, Defendants state that "to the extent Plaintiff had specific objections[,] its counsel could simply have requested supplementation or explanation and avoided or narrowed this dispute." (*Id.* at 5). Moreover, as to Defendants' business data in particular, Defendants argue that Plaintiff is not entitled to this discovery because it has not produced any proof of actual injury; namely, Defendants point out that "Plaintiff has never denied or challenged Defendants [sic] proof that only five individuals viewed the comparison chart a year ago." (*Id.* at 7).

Because the parties must make discovery requests that will produce relevant information, the Court first notes the elements of a Lanham Act false advertising claim. The elements are as follows: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product, (2) the statement actually deceived or has a tendency to deceive a substantial segment of its audience, (3) the deception is material, in that it is likely to influence the purchasing decision, (4) the defendant caused its false statement to enter interstate commerce, and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Thus, the Court will compel discovery only if the responses Plaintiff seeks are relevant to one of these elements and proportionate to the needs of the case.

The Court first addresses whether Defendants' objections to Plaintiff's requests for production are barred because Defendants did not timely raise them. Rule 33 provides that any ground for objection "not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see also Friedman v. Live Nation*

*Merch., Inc.*, 833 F.3d 1180, 1185 n.2 (9th Cir. 2016) (holding that a party waives an objection when it fails timely to raise it). "Although the concept of waiver/forfeiture is not enshrined in the text of Rule 34, the Ninth Circuit has recognized that, under both Rules 33 and 34, 'a failure to object to discovery requests within the time required constitutes a waiver of any objection.'" *ThermoLife Int'l LLC v. NeoGenis Labs Inc.,* No. CV-18-02980-PHX-DWL, 2021 WL 1424408, at *5 (D. Ariz. Apr. 15, 2021) (citation omitted).

Here, neither of Defendants' responses to Plaintiff's Motion discuss good cause. Instead, Defendants acknowledge that they failed to timely respond in proper form but argue that in Defendants' counsel's experience, "opposing counsel regularly grants the professional courtesy to provide and allow time to resolve such matters." (Doc. 34 at 4). Defendants further state that they were "confident that upon timely producing documents proving to Plaintiff that only five individuals had accessed the comparison chart," that Plaintiff would "reevaluate the case accordingly." (*Id.*). The Court is not persuaded that Defendants' unilateral expectation that the parties would disregard formal discovery requirements constitutes good cause. As such, the Court finds that Defendants waived all objections to Plaintiff's RFPs. Accordingly, the Court compels Defendants to produce such discovery as specified below.

As for the documents that Defendants produced in piecemeal form, the Court orders Defendants to produce the remainder of the documents.[2] Additionally, Rule 34(b)(2)(E) mandates that where the a requesting party does not specify what form in which to produce documents, a responding party must produce electronically stored information ("ESI") "as they are kept in the usual course of business" or in a "reasonably usable form or forms." Thus, to the extent that Defendants have produced documents noncompliant with this Rule, the Court orders Defendants to correct their production by December 13, 2023.

As for the documents that Defendants did not produce due to their various objections, even if the Court used its discretion to consider Defendants' objections on the

---

[2] The Court excludes IOC Request No. 12 from this requirement, as the Court finds that Defendants provided an acceptable reason for producing only portions of the relevant document.

- 5 -

merits, the Court finds that Defendants have not met the "heavy" burden of showing that they should not be compelled to produce the requested discovery. For example, Plaintiff's various requests for financial information are relevant to Plaintiff's claim in that they could provide circumstantial evidence of the damage Defendants allegedly caused, and in that they are relevant to the damages Plaintiff may recover if successful.[3] Thus, unless otherwise limited below, the Court overrules Defendants' objections to Plaintiff's RFPs, both because the objections have been forfeited and—upon implementing the limits below—the requested information is both relevant and proportionate to the case.

The Court notes the following limitations. The Court finds that Defendants have sufficiently provided disclosure as to Curt1 Request No. 13 and does not require Defendants to provide every mailing list, as Plaintiff has not made a showing that such information is relevant to the instant case. Moreover, the Court reminds the parties that they may redact documents produced pursuant to Fed. R. Civ. P. 5.2. Finally, the Court will permit the parties to redact up to approximately two thirds of customers' email addresses and/or names when making the required productions.[4] As such, the Court compels Defendants to produce all responsive documents missing from their initial production by December 13, 2023.

### ii. Interrogatories Under Rule 33

Plaintiff first argues that Defendants' interrogatory responses "were replete with legally unsupported objections," and that "Defendants generally refused to produce information germane to damages or their finances." (Doc. 30 at 1). Defendants argue that their objections were "sufficient and in proportion to the issues raised by Plaintiff's case." (Doc. 34 at 2). Defendants further assert that some of Plaintiff's interrogatories were "akin to debtor's exam questions." (*Id.*). Finally, Defendants argue that Defendants' interrogatory responses were of similar caliber to Plaintiff's responses to Defendants'

---

[3] Plaintiff argues, and the Court agrees, that there is no need to bifurcate discovery simply because Defendants assert that Plaintiff's damages will be minimal.
[4] The Court permits this redaction to balance Plaintiff's need for an accurate, verifiable count of how many people received this information with Defendants' concerns of not wanting to provide its customer list and contact information to Plaintiff who is a direct competitor.

interrogatories. (*Id.* at 3).

As above, the Court overrules Defendants' objections unless otherwise noted here. First, the Court notes the same limitations regarding Rule 5.2 and redacting of names, account numbers, and email addresses apply here. Second, the Court sustains Defendants' objection to Curt1 Interrogatory 10 as being overbroad. Thus, the Court grants in part and denies in part Plaintiff's Motion as to its Rule 33 interrogatories. Specifically, the Court grants Plaintiff's Motion—either to provide a response where there was none or to supplement an existing response—as to the following interrogatories: Curt1 Interrogatories 6–8, 11, 14; Curtis Kloc Interrogatories 1–2, 5–6, 9; IOC Interrogatories 1, 4–5. Defendants must respond to and/or supplement their responses to the Rule 33 interrogatories as specified herein by December 13, 2023.

Plaintiff also asks this Court to require Defendants to "certify that they have provided all discoverable information." (Doc. 35 at 10). Under Local Rule Civil 33.1(b), a response to an interrogatory must include a verification, and under Fed. R. Civ. P. 33(b)(5), the responses must be signed. *See Reed v. Barcklay*, No. CV-11-1339-PHX-JAT (BSB), 2013 WL 12177162, at *1 (D. Ariz. Apr. 30, 2013) (discussing the adequacy of the signature and the verification under these Rules). The Court requires Defendants to comply with the requirements in these rules.

### C. Fees and Costs

Plaintiff requests that the Court order Defendants to pay Plaintiff's fees and costs incurred in navigating the instant discovery dispute. Fed. R. Civ. P. 37(a)(5)(A) provides that when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party of attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But the court must not order this payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of

expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

In addition, Rule 37 provides that when, as here, a motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Courts may apply Rule 37(a)(5)(C) "to roughly approximate the movant's level of success" when a motion to compel is decided with mixed results. *Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, 2017 WL 3116818, at *5 (E.D. Cal. July 21, 2017); *SVI, Inc. v. Supreme Corp.*, 2018 WL 10456275, at *3 (D. Nev. Mar. 7, 2018).

Here, based on the circumstances discussed throughout this Order, the Court finds that award of apportioned reasonable fees for the motion is justified; thus, the Court finds entitlement to fees. The Court further notes that Defendants had the opportunity but failed to address Plaintiff's arguments regarding fees under Rule 37(a)(5), as Plaintiff raised the issue of fees in its original motion to compel. (*See* Doc. 30). Accordingly, Plaintiff may submit a motion for fees within ten days of this Order. Any such motion must specify whether it is made against counsel, the client, or both (and in what proportion if both).

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion for Alternative Dispute Resolution, (Doc. 29), is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Under Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv), (Doc. 30), is **GRANTED** in part and **DENIED** in part. It is **GRANTED** as to all Rule 34 Requests for Production, except that it is **DENIED** as to Curt1 Request Nos. 12 and 13. It is **GRANTED** as to the interrogatories listed in the body of this Order, but it is **DENIED** as to the remaining interrogatories. Defendants must produce their responses by December 13, 2023.

**IT IS FURTHER ORDERED** that Plaintiff may file a motion for fees, consistent with Local Rule 54.2 and this Court's Rule 16 Scheduling Order, (*see* Doc. 28), within ten days of the date of this Order.

**IT IS FURTHER ORDERED** that fictitious and unknown parties named as Does 1–10 are dismissed without prejudice. (*See* Doc. 20 at 2).

Dated this 29th day of November, 2023.

James A. Teilborg
Senior United States District Judge